**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**STEVE L. WILLIAMSON,**

       Plaintiff,

  v.

**GLENN S. GOORD,** Commissioner of DOCS; **LEONARD PORTUONDO,** Warden, Shawangunk Corr. Facility; **DANIEL J. CONNOLLY,** Captain, Shawangunk Corr. Facility; **DR. FORTE,** Doctor, Shawangunk Corr. Facility; **C. CORNELIA,** Nurse, Shawangunk Corr. Facility,

       Defendants.

**Civil No. 9:02-CV-00521 (GLS/GHL)**

---

**APPEARANCES:**       **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Steve L. Williamson
Plaintiff, *pro se*
98-A-0453
Shawangunk Correctional Facility
P.O. Box 70
Walkill, New York 12589

**FOR THE DEFENDANTS:**

HON. ELIOT SPITZER     DEBORAH A. FERRO
New York State Attorney General   Assistant Attorney General
The Capitol
Albany, New York 13204-2455

**Gary L. Sharpe**
**U.S. District Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Pending are plaintiff *pro se* Steve Williamson's objections to Magistrate Judge George Lowe's Report-Recommendation. Specific objections will be reviewed under a *de novo* standard, while unspecific objections will be reviewed under a clearly erroneous standard. Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.[1]

### **II. Procedural History**

Williamson brings this action pursuant to 42 U.S.C. § 1983. He alleges that the defendants' failure to adequately treat his knee and ankle injury constituted cruel and unusual punishment under the Eighth Amendment. *See Compl., Dkt. No. 1*. On September 29, 2003, the defendants filed a motion for summary judgment. *See Def. Mot. Summ. J., Dkt. No. 50*. On November 30, 2005, Judge Lowe issued a report

---

[1] The Clerk is directed to append Judge Lowe's Report-Recommendation to this decision, and familiarity is presumed.

2

recommending that the defendants' motion be granted.  *See Dkt. No. 69.* Williamson's objections are now pending.  *Dkt. No. 70.*

### III.  Discussion

### A.  Standard of Review

By statute and rule, district courts are authorized to refer prisoner civil rights case to magistrate judges for proposed findings and recommendations.  *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. R. 72.3(c); Gen. Order No. 12, § D(1)(G).

When a report and recommendation is filed, the parties have ten (10) days from receipt of the report to file specific, written objections to proposed findings and recommendations, and ten (10) days from the receipt of adversary objections to file responses.  *See* 28 U.S.C. § 636(b)(1)(C); F<small>ED</small>. R. C<small>IV</small>. P. 72(b); N.D.N.Y. R. 72.1(c).  The local rules further require that the objections must specify the findings and recommendations which are the subject of the objections, and the substantive basis for these objections.  *See* N.D.N.Y. R. 72.1(c).

The district court must review *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved by compliance with the specificity requirement.  *See* 28 U.S.C. §

3

636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c).  After review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge ... [and] may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

If a party fails to object in a timely manner, it procedurally defaults and is not entitled to judicial review.  *See Almonte v. New York State Div. of Parole*, No. 04-CV-484, 2006 WL 149049, at *3 (N.D.N.Y. Jan. 18, 2006) (citation omitted).  "Although the doctrine of procedural default developed as a circuit appellate rule, it applies in the district courts as long as parties, including those appearing *pro se*, receive clear notice of the consequences of their failure to properly object."  *Id*; *see also Thomas v. Arn*, 474 U.S. 140, 149 & n.7 (1985).  "[T]he notice requirement is satisfied if the report at least states that the failure to object will preclude appellate review[.]" *Almonte*, 2006 WL 149049, at *3 (citation omitted).[2]

Although failure to object or timely object constitutes procedural

---

[2] The following statement accompanies all magistrates' reports issued in this district: "[P]ursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the [c]lerk of [c]ourt.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**"  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e); *see Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1983); *Small v. Sec'y of Health & Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

4

default, lack of specificity also gives rise to default.  *See id.*, at *4.  The local rule requires that objections address specific findings and conclusions.  *See id.*  Therefore, a party that limits its specific objections to a part of a report's findings or recommendations procedurally defaults as to the remainder.  *See id.*  Frivolous or conclusory objections also fail to satisfy the specificity requirement.  *See id.*  Furthermore, mere resubmission of the same papers and arguments as submitted to the magistrate judge fails to comply with the specificity requirement and also results in default.  *See id.*

The district court must review *de novo* those portions of the magistrate judge's findings and recommendations that have been properly preserved by compliance with the specificity requirement.  *See id.,* at *5; see also* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c).[3]  "*De novo* review requires that the court 'give fresh consideration

---

[3]The decision to use procedural default is in the discretion of the district court.  *See Almonte,* 2006 WL 149049, at *4 (citation omitted).  "Such discretion is based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulted party."  *Id.* (citation omitted).  "As the Supreme Court has observed:
  '[T]he district court...must exercise supervision over the magistrate.  Even ... [if a procedural default rule permits a] ... district judge ... to refuse to review a magistrate's report absent timely objection ... [t]he rule merely establishes a procedural default that has no effect on the ... court's jurisdiction.  The district judge has jurisdiction over the case at all times.  He retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment.  Any party that desires plenary consideration need only ask.  Moreover, while the statute does not

5

to those issues to which specific objections have been made.'  It will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions." *Almonte*, 2006 WL 149049, at *5 (citation omitted).  After review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge...[and] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *see also Almonte*, 2006 WL 149049, at *3 (citations omitted).

"The more complex question arises when a party procedurally defaults, the court is not statutorily mandated to conduct *de novo* review nor does it elect to do so, but it concludes that some review is in order nonetheless."  *Almonte*, 2006 WL 149049, at *5.  Under these circumstances, it is within the court's discretion to elect an appropriate review standard.  *See id.*

In the case of procedural default, "28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure are both silent on the review

---

require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review, *sua sponte* or at the request of a party, under a *de novo* or any other standard.'" *Id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 154 (1985)).

standard[.]..." *Id.* "[D]istrict courts have applied standards with varying names and definitions." *Id.*, at *6. "[S]ome adopt the 'clearly erroneous' standard that is articulated in the statute and federal rule governing review of a magistrate judge's nondispositive orders, and referenced in the 1983 Advisory Committee Note."[4]  *Id.* (citations omitted).  "Given the definition typically assigned to 'clearly erroneous,' the courts review a report to determine whether the findings are against the clear weight of the evidence, or whether the recommendations cause the court to definitely and firmly conclude that a mistake has been committed."  *Id.*  "Other courts have adopted a 'contrary to law' standard which means that the report fails to apply, or misapplies, relevant statutes, case law, or rules of procedure." *Id.* (citations omitted).  "When excusing procedural default in the interests of justice, the Circuit has reviewed the underlying decision or report for 'plain error.'" *Id.* (citations omitted).  "Plain error is one that is clear or obvious and affects substantial rights."  *Id.* (citations omitted).

"Mindful that district courts retain jurisdictional authority over all

---

[4] "The Rule 72(b) Advisory Committee Note suggests that the court will review for 'clear error,' stating:
'When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" FED. R. CIV. P. 72(b) advisory committee's note (1983) (citations omitted); *see also Almonte*, 2006 WL 149049, at *5 (citations omitted).

7

dispositive issues, this court routinely reviews reports before entering final judgment whether objections are registered or not." *See Almonte*, 2006 WL 149049, at *6. When the court does so, however, it is aware that the reports are generated by magistrate judges with extraordinary professional and judicial experience." *Id*. "Accordingly, when required by statute or rule or when the court's routine review so dictates, the court will make a *de novo* determination of findings and recommendations." *Id*. "Absent *de novo* review, the court will apply a 'clearly erroneous' standard, and defines that phrase as follows: a report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Id.* "Furthermore, the court will routinely identify issues which have been procedurally defaulted, and articulate the standard of review applied to all issues." *Id*.

## B. Objections[5]

Williamson makes a series of factual objections to specific findings in the record, these objections will be reviewed *de novo*. He contends that

---

[5] Williamson generally objects to Judge Lowe's factual summary. He does not make specific objections to findings of fact or law, but instead reasserts his original arguments that are addressed later in the report. He has therefore procedurally defaulted. Since the court finds no clear error in Judge Lowe's reiteration of the facts as cited from the record, Williamson's objections on this basis are denied.

8

Judge Lowe improperly recommended that the defendants' failure to: (1) answer an emergency call, (2) provide him crutches, (3) remove his leg shackles during a visit to an outside facility, and (4) promptly provide surgery for his condition, did not constitute a violation of his Eighth Amendment rights.  He also objects to Judge Lowe's finding of qualified immunity on behalf of defendants Goord and Portuondo.

### 1. Medical Claims

The bulk of Williamson's objections are based on his claim that the defendants failed to provide him with proper medical care.  The court reviewed the record and concludes that there is no evidence to establish that the defendants' conduct violated Williamson's rights.  His objections instead amount to a disagreement with the course of treatment provided by the prison but fail to rise to the level of cruel and unusual punishment as delineated by Eighth Amendment case law.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. CONST. amend. VIII.  "This includes punishments that 'involve the unnecessary and wonton infliction of pain.'"  *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (citation omitted). "[D]eliberate indifference to serious medical needs of prisoners constitutes

9

the 'unneccessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).  "[T]o prove deliberate indifference...the prisoner must show that a particular defendant 'knows of and disregards an excessive risk to inmate health or safety.'" *Brock v. Wright*, 315 F.3d 158, 164 (2d Cir. 2003) (citation omitted).  Deliberate indifference, however is not established when the prisoner's medical needs were adequately treated and the prisoner simply disagrees with the particular course of treatment.  *See Chance,* 143 F.3d at 703.

Here, Williamson objects to Judge Lowe's finding that the defendants' failure to answer an emergency call did not constitute a violation of his Eighth Amendment rights.[6]  Specifically he contends that (1) he should not have been denied medical assistance on account of a miscommunication between the Corrections Officer on duty and the nurse on call, and (2) the adverse effect of his medication at the time constituted a medical emergency.  *See Pl. Objections, p. 2; Dkt. No. 70.*  These contentions are

---

[6]On February 1, 2002, Williamson experienced pain from his ankle injury as well as nausea and dizziness, which he claims resulted from an adverse reaction to his medications. Defendant Cornelia, the nurse on duty, did not respond to the call because she was not informed by the Corrections Officer on duty that Williamson was experiencing nausea and/or dizziness.  Cornelia instead believed that Williamson only experienced ankle pain.  Based on this belief, she scheduled him for a follow-up appointment with Dr. Forte but did not immediately respond to the emergency call.  *See Report-Recommendation, p. 21; Dkt. No. 69.*

without merit. As Judge Lowe noted and this court agrees, Williamson has failed to show that his knee and/or ankle injury constituted a serious medical need. Nevertheless, even if his injuries were serious, he offers no facts to establish that the defendants' decisions rose to the level of deliberate indifference. Accordingly, Williamson's claim on this basis is dismissed.

Moreover, Williamson has failed to show deliberate indifference based on the defendants' failure to (1) renew his crutch permit and (2) promptly schedule surgery for him.[7] First, Williamson specifically argues that the defendants had the authority to renew his crutch permit and did not do so, and he was therefore subjected to pain and discomfort. *See Pl. Objections, p. 3*; *Dkt. No. 70.* While this may be true, as Judge Lowe noted, there is nothing in the record to show that his ankle and/or knee

---

[7]Williamson's additional objection pertains to his belief that a defendant Corrections Officer should have removed his leg shackles during a medical appointment outside the prison. Second, Williamson argues that defendants should have removed his leg shackles during a visit to an outside facility and that the subsequent cancellation of the appointment adversely affected his health. He specifically contends that the Corrections Officer in charge arbitrarily used unfounded safety concerns as a reason not to remove the shackles, with knowledge that Williamson would not be able to get examined with them on. *See Pl. Objections, pp. 3-5; Dkt. No. 70.* As Judge Lowe noted, defendant Connolly's actions were protected under the doctrine of qualified immunity. *See Poe v. Leonard*, 282 F.3d 123, 132-33 (2d Cir. 2002). More specifically, Williamson did not have a clearly established right to be free from leg shackles. *See id.* As Judge Lowe further noted, even if he did, however, the officer's actions were reasonable because prisoners possess a risk of flight and/or danger to the community when outside the correctional facility. The court finds no evidence in the record to the contrary. Accordingly, Williamson's claim based on this ground is dismissed.

11

injury constituted a serious medical need.  While defendants' failure to renew his permit may have caused some discomfort, the omission does not rise to the level of deliberate indifference because the defendants' reasonably believed that the permit was for the correct length of time.  Accordingly, his claim on this basis is dismissed.

Second, Williamson argues that there was undue delay between his initial consultation and his surgery.  Specifically, he contends that (1) he was not allowed to complete his post-surgery follow-up visits, following his surgery with Dr. Katz; (2) the procedures completed by Dr. Rubinovich did not remedy his injury; and (3) he underwent two unsuccessful surgeries that could have been avoided if defendants conducted an Arthogram test, as initially diagnosed by Dr. Katz.  *See Pl. Objections, pp. 5-6, Dkt. No. 70.*  These contentions are without merit.

As Judge Lowe noted and this court agrees, there is nothing in the record to show that his ankle and/or knee injury constituted a serious medical need or that the defendants' decisions regarding his surgeries rose to the level of deliberate indifference.  As Judge Lowe further noted, there is ample evidence in the record that demonstrates that Williamson was treated with prompt medical care, including the fact that he was provided

12

with: successful requests for examinations, procedures, medications and referrals to specialists. Also, as noted above, deliberate indifference is not established when the prisoner's medical needs were adequately treated and the prisoner simply disagrees with the particular course of treatment. *See Chance,* 143 F.3d at 703. Here, Williamson's objections do not establish a violation of his rights but instead voice his disagreement with the course of treatment provided to him. Accordingly, after considering each objection, looking at the record *de novo* and finding no mistake of fact or law, Williamson's Eighth Amendment claim is dismissed.

### 2. **Personal Involvement**

Williamson also objects to Judge Lowe's finding of no personal involvement on behalf of defendants Goord and Portuondo. "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Provost v. City of Newburgh,* 262 F.3d 146, 154 (2d Cir. 2001) (citations omitted). Moreover, a supervisory official is only liable for constitutional violations if he: (1) directly participated in the violation; (2) failed to remedy the violation after learning of it through a report or appeal; (3) created a custom or policy fostering the violation after learning of it; or

(4) was grossly negligent in supervising subordinates who caused the violation.  *See Scott v. Coughlin*, 78 F. Supp. 2d 299, 312 (S.D.N.Y. 2000).  Moreover, simply being put on notice of a problem may not be a sufficient basis for liability under § 1983.  *See Bodie v. Morgenthau*, 342 F. Supp. 2d 193, 203 (S.D.N.Y. 2004) (citation omitted) (holding that even if a supervisory official ignores an individual's letter, that fact alone is insufficient to establish personal responsibility).

   Here, Williamson specifically contends that Goord and Portuondo may be found liable on the basis of inadequate training of subordinates.  *See Pl. Objections, p. 7; Dkt. No. 70.*  He also contends that through the grievance system, Goord was put on notice of the delay in treatment yet failed to promptly remedy the situation.  See *id.*  These contentions are without merit.  Williamson offers no facts to support his assertion that either defendant failed to adequately train subordinates.  Furthermore, Goord cannot be held liable on the sole fact that a grievance system is in place at the prison, which may have provided notice of a problem.  Accordingly, after looking at the record *de novo* and finding no mistake of fact or law, Williamson's objection on this basis is dismissed.

## IV.  Conclusion

Having reviewed the objected-to portions of the Report-Recommendation *de novo*, the remainder under a clearly erroneous standard, and Williamson's objections, this court accepts and adopts the recommendation of Judge Lowe for the reasons stated in the November, 2005 Report-Recommendation.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion for summary judgment (*Dkt. No. 50*) be **GRANTED**, and the complaint **DISMISSED IN ITS ENTIRETY**.

**ORDERED** that the Clerk of the Court provide copies of this Order to the parties.

**IT IS SO ORDERED.**

July 11, 2006
Albany, New York

Gary L. Sharpe
U.S. District Judge

15